**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DERRICK FREDERICK,<br><br>                Plaintiff,<br><br>    v.<br><br>AL SOLANIK, et al.,<br><br>                Defendants. | Civil Action No. 25-14980 (KMW)<br><br>**MEMORANDUM OPINION** |

**WILLIAMS, District Judge:**

      This matter comes before the Court on the application to proceed *in forma pauperis* (ECF No. 1-1) complaint (ECF No. 1) and motion seeking appointed counsel (ECF No. 1 at 1-4) submitted in this civil rights matter[1] by Plaintiff Derrick Frederick. (ECF No. 1.) Because this Court finds that leave to proceed *in forma pauperis* is warranted in this matter, Plaintiff's application shall be granted. As Plaintiff shall be granted *in forma pauperis* status, this Court is required to screen his purported amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* For the following reasons, Plaintiff's complaint shall be

---

[1] The Clerk of the Court categorized this matter as a habeas petition. From Plaintiff's filings, however, it is clear that his intention was to file a prisoner civil rights matter: Plaintiff used the counsel motion and *in forma pauperis* forms for a civil rights action, and Petitioner expresses an intention to file a "lawsuit" to hold Defendants "liable" for money damages. The Clerk of the Court shall therefore be ordered to reclassify this case as a prisoner civil rights matter with nature of suit 550.

dismissed without prejudice, and his motion seeking appointed counsel shall be denied without prejudice.

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still

"allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

Pursuant to Rule 8 of the Rules of Civil Procedure, a complaint seeking to raise a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. Rule Civ. P. 8(a)(2). Each allegation in a complaint must therefore be "concise and direct." Fed. R. Civ. P. 8(e)(1). A district Court may dismiss a complaint *sua sponte* for failure to comply with Rule 8. *Ruther v. State Kentucky Officers*, 556 F. App'x 91, 92 (3d Cir. 2014). A complaint may therefore be dismissed pursuant to Rule 8 where the "'complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Id.* (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)).

In his complaint, Plaintiff provides only scant information regarding the nature of his claims. Plaintiff states only that "[i]n 2020[,] Al Solanik didn't follow the CDC guidelines for COVID-19" and that Plaintiff contracted the virus, and was placed in quarantine. (ECF No. 1-1 at 1.) Plaintiff thereafter was made to share his quarantine cell with new cellmates who also had COVID-19. (*Id.*) Plaintiff asserts that this situation should entitle him to relief from Solanik and the New Jersey Department of Corrections. (*Id.*) Plaintiff does not specify what guidelines Solanik allegedly failed to follow, nor how that failing allegedly led to his contracting the virus.

Turning first to the New Jersey Department of Corrections, the Court notes that, as an arm of the state, the Department is not a person subject to suit in a federal civil rights matter and would in any event be entitled to Eleventh Amendment immunity from suit in federal court. *See, e.g., Christ the King Manor, Inc. v. Sec'y U.S. Dep't of Health & Human Servs.*, 730 F.3d 291, 318 (3d Cir. 2013); *Walker v. Beard*, 244 F. App'x 439, 440-41 (3d Cir. 2007); *Grabow v. S. State Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989). Plaintiff's claims against the New Jersey Department of Corrections must therefore be dismissed with prejudice.

Plaintiff's claims against Defendant Solanik fare no better. Plaintiff's Eighth Amendment COVID claims amount to an assertion that Defendant was deliberately indifferent to his medical needs in his responses to the COVID-19 pandemic. *See Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). To plead such a claim, the plaintiff must plead facts which would show that he had a sufficiently serious medical need, and that the defendant engaged in actions or omissions which indicate that he knew of and disregarded "an excessive risk to inmate health or safety" presented by that need. *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). That a plaintiff may have contracted COVID-19 is insufficient to make out such a claim. *See, e.g., Hope v. Warden York County Prison*, 972 F.3d 310, 325-331 (3d Cir. 2020). Indeed, the Third Circuit has held that a plaintiff can generally not make out a deliberate indifference claim based on a prison's response to COVID where it is clear that some good faith effort to address the threat of the virus had been made by administrative staff. *Id.* Here, Plaintiff pleads that the Department and Solanik did at least impose quarantine on infected individuals and does not otherwise alleged facts showing how Solanik's actions were deliberately indifferent to his needs. That Solanik may not have perfectly adopted the CDC's *recommendations* is not sufficient to support a claim, Plaintiff would actually need to plead facts indicating deliberate indifference. As Plaintiff has failed to do so, he has not pled a plausible claim for relief and his claims must be dismissed without prejudice at this time.

Even had Plaintiff pled more facts, however, his claims face another hurdle: his claims concern events which occurred in 2020 and he didn't file this matter until August 2025, five years later. Civil rights claims raised in this District are subject to New Jersey's two-year statute of limitations for personal injury matters. *See, e.g., Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013). Petitioner's claims thus appear to be untimely by some three years. Without some basis for the equitable tolling of the limitations period for at least three years, which this Court does not

4

discern from Plaintiff's current complaint, it appears that Plaintiff's complaint is well and truly time barred. However, because Plaintiff has not yet had an opportunity to address this issue, his complaint will only be dismissed without prejudice at this time. To the extent Plaintiff chooses to file an amended complaint in this matter, he should address the timeliness issue. Failure to do so may result in this matter being dismissed with prejudice as time barred.

Finally, Plaintiff also seeks appointed counsel in this matter. (*See* ECF No. 1 at 1-4.) Although civil plaintiffs have no right to the appointment of counsel, this Court has wide discretion to appoint counsel where the Court finds that the interests of justice so warrant. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002); *see also Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). In determining whether the appointment of counsel is warranted, this Court must first determine whether the plaintiff is indigent and whether his claims have merit. *Tabron*, 6 F.3d at 155-57; *Cuevas v. United States*, 422 F. App'x 142, 144-45 (3d Cir. 2011). Where an indigent plaintiff presents meritorious claims, the Court then must weigh various factors to determine whether the appointment of counsel is warranted. *Tabron*, 6 F.3d at 155-57; *Cuevas*, 422 F. App'x at 144-45. Without a finding of indigence, however, this Court cannot appoint counsel. *Cuevas*, 442 F. App'x at 144-45 (courts may "request" appointed counsel for indigent civil litigants). As Plaintiff's complaint shall be dismissed without prejudice at this time, it is clear that Plaintiff has not presented claims of arguable merit sufficient to warrant appointed counsel. Therefore, his motion requesting counsel must be denied without prejudice at this time.

For the reasons expressed above, Plaintiff's *in forma pauperis* application (ECF No. 1-1) shall be granted, Plaintiff's complaint (ECF No. 1) shall be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim for which relief may be granted, and Plaintiff's motion seeking the appointment of counsel (ECF No. 1 at 1-4) shall be **DENIED WITHOUT PREJUDICE.** An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge