**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DERRICK FREDERICK,<br><br>Plaintiff,<br><br>v.<br><br>AL SOLANIK, et al.,<br><br>Defendants. | Civil Action No. 25-14980 (KMW)<br><br>**MEMORANDUM OPINION** |

**WILLIAMS, District Judge:**

This matter comes before the Court on the amended complaint (ECF No. 4), and motion seeking appointed counsel (ECF No. 6) submitted in this civil rights matter by Plaintiff Derrick Frederick. (ECF No. 1.) Because this Court previously granted Plaintiff *in forma pauperis* status (ECF Nos. 2-3), this Court is required to screen Plaintiff's purported amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences

from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

In his initial complaint, Plaintiff provided only scant information regarding the nature of his claims. Plaintiff stated only that "[i]n 2020[,] Al Solanik didn't follow the CDC guidelines for COVID-19" and that Plaintiff contracted the virus, and was placed in quarantine. (ECF No. 1-1 at 1.) Plaintiff thereafter was made to share his quarantine cell with new cellmates who also had COVID-19. (*Id.*) Plaintiff asserts that this situation should entitle him to relief from Solanik. (ECF No. 4 at 5-6.) Plaintiff does not specify what guidelines Solanik allegedly failed to follow,

nor how that failing allegedly led to his contracting the virus. (*Id.*) In his amended complaint, Plaintiff adds a few more details, specifically that he was in quarantine for between seventeen and twenty-three days, that he has unspecified mental health issues, and that he did not do well in COVID isolation for that approximately three-week period. (*Id.* at 5-7.) Plaintiff does not plead any facts suggesting either that Solanik was directly involved in the decisions regarding Plaintiff's isolation or mental health treatment, only that Solanik made decisions as to the COVID protocols in his prison. (*Id.*)

Plaintiff's Eighth Amendment COVID claims amount to an assertion that Defendant was deliberately indifferent to his medical needs in his responses to the COVID-19 pandemic. *See Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). To plead such a claim, the plaintiff must plead facts which would show that he had a sufficiently serious medical need, and that the defendant engaged in actions or omissions which indicate that he knew of and disregarded "an excessive risk to inmate health or safety" presented by that need. *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). That a plaintiff may have contracted COVID-19 is insufficient to make out such a claim. *See, e.g., Hope v. Warden York County Prison*, 972 F.3d 310, 325-331 (3d Cir. 2020). Indeed, the Third Circuit has held that a plaintiff can generally not make out a deliberate indifference claim based on a prison's response to COVID where it is clear that some good faith effort to address the threat of the virus had been made by administrative staff. *Id.* Here, Plaintiff pleads that Solanik did at least impose quarantine on infected individuals, and does not otherwise allege facts showing how Solanik's actions were deliberately indifferent to his needs. Indeed, Plaintiff does not plead any facts which would permit the inference that Solanik was directly aware of Plaintiff, his unspecified mental health issues, or his specific course of treatment for COVID-19 at all. That Solanik may not have perfectly adopted the CDC's *recommendations* is not sufficient to support a claim, Plaintiff would actually need to plead facts

3

indicating deliberate indifference. As Plaintiff has failed to do so, he has not pled a plausible claim for relief and his claims must be dismissed without prejudice at this time.

As this Court previously noted (*See* ECF No. 2-3), Plaintiff's complaint faces the additional hurdle that it was filed some five years after the events in question took place in the summer of 2020. Civil rights claims raised in this District are subject to New Jersey's two-year statute of limitations for personal injury matters. *See, e.g., Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013). Petitioner's claims thus appear to be untimely by some three years. Without some basis for the equitable tolling of the limitations period for at least three years, which this Court does not discern from Plaintiff's amended complaint, it appears that Plaintiff's complaint is well and truly time barred. Plaintiff's amended complaint must be dismissed without prejudice for this reason as well. To the extent Plaintiff chooses to file another amended complaint in this matter, he should address the timeliness issue. Failure to do so may result in this matter being dismissed with prejudice as time barred.[1]

Finally, Plaintiff also seeks appointed counsel in this matter. (*See* ECF No. 6.) Although civil plaintiffs have no right to the appointment of counsel, this Court has wide discretion to appoint counsel where the Court finds that the interests of justice so warrant. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002); *see also Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). In determining whether the appointment of counsel is warranted, this Court must first determine whether the plaintiff is indigent and whether his claims have merit. *Tabron*, 6 F.3d at 155-57; *Cuevas v. United States*, 422 F. App'x 142, 144-45 (3d Cir. 2011). Where an indigent

---

[1] Because Plaintiff's amended complaint was filed essentially at the time the Court's screening opinion of the original complaint was placed onto the docket of this matter, its clear that he did not have the benefit of this Court's initial screening in filing his amended complaint. Thus, this Court will permit him to respond to the timeliness issue should he choose to file another amended complaint and will not dismiss this matter with prejudice as time barred at this time as Plaintiff has yet to have a clear opportunity to address the issue.

4

plaintiff presents meritorious claims, the Court then must weigh various factors to determine whether the appointment of counsel is warranted. *Tabron*, 6 F.3d at 155-57; *Cuevas*, 422 F. App'x at 144-45. As Plaintiff's amended complaint shall be dismissed without prejudice at this time, it is clear that Plaintiff has not presented claims of arguable merit sufficient to warrant appointed counsel. His motion requesting counsel must therefore be denied without prejudice at this time.

For the reasons expressed above, Plaintiff's amended complaint (ECF No. 4) shall be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim for which relief may be granted, and Plaintiff's motion seeking the appointment of counsel (ECF No. 6) shall be **DENIED WITHOUT PREJUDICE**. An order consistent with this Opinion will be entered.

                                              Hon. Karen M. Williams,
                                              United States District Judge