**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

DERRICK FREDERICK,

              Plaintiff,

              v.

AL SOLANIK, et al.,

              Defendants.

Civil Action No. 25-14980 (KMW)

**MEMORANDUM OPINION**

**WILLIAMS, District Judge:**

This matter comes before the Court on the second amended complaint (ECF No. 9) submitted in this civil rights matter by Plaintiff Derrick Frederick. (ECF No. 1.) Because this Court previously granted Plaintiff *in forma pauperis* status (ECF Nos. 2-3), this Court is required to screen Plaintiff's purported second amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*,

515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

In his new complaint, Plaintiff alleges that, in May 2020, Defendant Al Solanik violated his rights when he "didn't enforce" CDC guidelines for best practices during the COVID-19 pandemic. (ECF No. 9 at 4.) Specifically, Plaintiff notes only that Solanik "add[ed] more individuals to an existing quarantine cohort after the 14 day quarantine clock had started." (*Id.*) As a result, Petitioner asserts that he "re-contracted" COVID and has lasting respiratory issues. (*Id.* at 5.)

As this Court previously explained to Plaintiff, federal civil rights claims raised in this District are subject to New Jersey's two-year statute of limitations for personal injury matters. *See, e.g., Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013). Federal rights claims accrue, and the two-year limitations period generally begins, at the time the plaintiff knew or should have known of the injury upon which his claim is based. *See, e.g., Wallace v. Kato*, 549 U.S. 384, 389-90 (2007); *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). Claims thus generally accrue at the time of the "last event necessary to complete" the harm. *Kach*, 589 F.3d at 634. A plaintiff need not know of the full extent of his injury, nor the legal consequences of what befell him for his claim to accrue. *Id.* at 634-35.

Here, Plaintiff complains about events in May 2020 which resulted in his being reinfected with COVID-19. He was aware of the alleged harm – contracting the virus and the placement of newly infected individuals in his quarantine unit – at the time it occurred in May 2020. Plaintiff's claim thus accrued then, and, absent a basis for tolling, his two-year limitations period elapsed in May 2022, more than three years before Plaintiff filed his initial complaint in this matter. Thus, absent a basis for tolling, Petitioner's claims are clearly time barred.

In a federal civil rights action, state law tort tolling principles generally apply unless they are inconsistent with federal law, in which case federal equitable tolling principles will apply. *Kach*, 589 F.3d at 639. Where federal tolling principles apply, tolling is principally warranted only in three circumstances: where a defendant misleads a plaintiff with respect to her cause of action, the plaintiff is prevented from asserting her claim as a result of extraordinary circumstances beyond her control, or where the plaintiff timely asserts her claims in an improper forum. *Id.* at 643-44. New Jersey state law equitable tolling principles apply in the same three limited circumstances. *See Fisher v. Hollingsworth*, 115 F.4th 197, 212-13 (3d Cir. 2024). Both New

Jersey and federal law also require that a plaintiff show that they acted with reasonable diligence during the applicable time period in order to merit tolling of a limitations period. *Id.*

In his second amended complaint, Plaintiff states that during the pandemic, he spent his time recovering and focusing on his health rather than legal issues, but learned that he had "a legal right to file suit" over his COVID-19 claims in 2022. (ECF No. 9 at 9.) Plaintiff thereafter sought to start researching, but did not have unfettered law library access. (*Id.* at 10-12.) While Plaintiff asserts that he asked for more library time between fall 2022 and June of 2023, most of those requests were unrelated to any civil suit and were instead related to criminal appeals and PCR proceedings. (*Id.*) Nothing Plaintiff has submitted actually shows that he in any way diligently pursued his rights during the period between his COVID-issues in May of 2020 and his ultimate filing of this matter in August 2025. Plaintiff has thus failed to show reasonable diligence sufficient to support tolling even if the Court were to assume that limited law library access or his health issues amounted to a sufficient extraordinary circumstance to warrant tolling, a finding this Court need not and does not make.[1] Indeed, by Plaintiff's own admission he unequivocally knew of his ability to file suit on his claims in 2022, and then waited three further years before filing suit in this matter. Plaintiff had ample opportunity to file his complaint during those three years, and did not. Plaintiff is thus not entitled to equitable tolling now, and his claims are well and truly time barred. Plaintiff's second amended complaint shall therefore be dismissed with prejudice as time barred.

---

[1] While the Court recognizes that Plaintiff's health issues were unfortunate and that Plaintiff's frequency of law library visits are less than ideal, limited library access is an everyday facet of prison life and Plaintiff's medical issues were not uncommon during and shortly after the COVID-19 pandemic. Plaintiff has also not actually shown that they stood in the way of his filing his complaint, and instead his allegations suggest he made a concerted choice to focus on health and recovery to the exclusion of pursuing other goals. These allegations thus do not truly set out extraordinary circumstances sufficient to warrant tolling.

For the reasons expressed above, Plaintiff's second amended complaint (ECF No. 9) shall be **DISMISSED WITH PREJUDICE** as time barred. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge